UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROSALYN M. ROEBUCK, Plaintiff, -v- ALLIED BUILDING SERVICES, Defendant. | : | 26-CV-4075 (JMF) ORDER |

JESSE M. FURMAN, United States District Judge:

On October 26, 2026, Defendant filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure and to stay discovery. Under Rule 15(a)(1)(B), a plaintiff has twenty-one (21) days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course. Because Plaintiff is proceeding *pro se*, however, the Court will give Plaintiff additional time to amend the complaint.

Accordingly, it is hereby ORDERED that Plaintiff shall file any amended complaint by **December 7, 2026.** If Plaintiff believes that the pleading of additional facts will cure deficiencies identified in the motion to dismiss, the Plaintiff should include those facts in the amended complaint.[1] Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss.

If Plaintiff does amend, by three (3) weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF

[1] If possible, Plaintiff shall file any amended complaint with a redline showing all differences between the original and revised filings, pursuant to Local Civil Rule 15.1, which is available at https://www.nysd.uscourts.gov/rules.

stating that it relies on the previously filed motion to dismiss. If Defendant files an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot.

If no amended complaint is filed, Plaintiff shall serve any opposition to the motion to dismiss by **December 7, 2026**. Defendant's reply, if any, shall be served by **December 21, 2026**.

Either party may request an extension of the briefing schedule for the motion. A deadline will be extended if the party demonstrates that its pursuit of the action has been diligent and that there is a good reason for extending the deadline.

The Court intimates no views on the merits of Defendant's motion to dismiss, but — as an exercise of its discretion over case management — concludes that discovery should be deferred until after the motion to dismiss has been resolved. Accordingly, Plaintiff need not respond to the portion of Defendant's motion seeking a stay of discovery.

Finally, the Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 27, 2026
New York, New York

JESSE M. FURMAN
United States District Judge